IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-HC-2010-FL

| | | |
|---|---|---|
| PHILIP MOZEE,<br><br>Petitioner,<br><br>v.<br><br>UNNAMED PARTY,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

Petitioner, proceeding pro se, commenced this action on January 20, 2026, by filing petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter now comes before the court for initial review of the petition under Rule 4 of the Rules Governing § 2254 cases in the United States District Courts.

**COURT'S DISCUSSION**

Absent a valid excuse, a petitioner filing under 28 U.S.C. § 2254 must exhaust remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). To exhaust available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation omitted). Section 2254's exhaustion requirement demands that the petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id. A habeas petitioner

has the burden of proving that a claim is exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

In North Carolina, a petitioner may satisfy § 2254(b)'s exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-27, 7A-31, 15A-1422. Here, it is clear from the face of the petition that petitioner failed to present his claims in the North Carolina courts. (Pet. (DE 1) at 2, 6).

The court also declines to hold this action in abeyance while petitioner exhausts state court remedies. While stay and abeyance is available in "limited circumstances" when a federal habeas petitioner brings unexhausted claims, petitioner must show "good cause for his failure to exhaust" to obtain such a stay. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Here, petitioner does not attempt to show good cause. Accordingly, this action must be dismissed without prejudice for failure to exhaust state court remedies.[1]

**CONCLUSION**

Based on the foregoing, the petition is DISMISSED without prejudice.[2] A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

---

[1] At this juncture, the court expresses no opinion as to whether petitioner's claims are timely. A one-year statute of limitations applies to § 2254 petitions, which runs from latest of four alternative dates. See 28 U.S.C. § 2244(d)(1). However, the time in which a properly filed state post-conviction motion is pending is excluded from the limitations period. See 28 U.S.C. § 2244(d)(2).

[2] A dismissal without prejudice means petitioner may refile his habeas petition in federal court after exhausting state court remedies.

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge